## Maxwell et al. v. Coles et al.

March 22, 1946.

As Modified on Denial of Rehearing

May 10, 1946.

298

Wilbur Bilyeu, Rodes K. Myers and Joe P. Clark for appellants.

J. Lee Moore and Sam Milam for appellees.

Opinion of the Court by Van Sant, Commissioner— Reversing.

Appellants instituted this action against appellees, contesting the probate of an instrument of writing purporting to be the last will and testament of Mrs. Mary E. Van Arsdall. At the time of her death, April 28, 1943, Mrs. Van Arsdall was eighty-three years of age; the will was executed when she was eighty-one. For thirty years prior to her death, she had made her home with her daughter, appellee, Edna Coles. The jury found in favor of the will.

Many grounds are urged for reversal, the first of which is that the Court erred in excluding the introduction of competent testimony offered by appellants, and in admitting incompetent testimony offered by appellees over the objection of appellants. In support of appellants' contention that the testatrix did not possess testa-

mentary capacity at the time she executed the will, appellants introduced evidence that many members of the testatrix' family were persons of unsound mind. Carson Van Arsdall, a son of testatrix, is reputed to have committed suicide in Tunis, Africa. Appellants attempted to prove this fact by his brother, Durwood Van Arsdall. The witness was asked if he had received information as to the cause of his brother's death; he replied that he had. He was then asked what that information was. The Court sustained an objection to this question; and counsel avowed that, if the witness were permitted to answer, he would state that the information was that he (Carson) committed suicide. It is contended that this testimony was competent, under the family history exception to the hearsay rule. In 20 Am. Jur., Sec. 468, page 409, it is said:

"A time-honored exception to the hearsay rule exists in respect of proof of matters of family history, relationship, and pedigree. * * *. The rule of law which admits hearsay evidence in cases of this sort rests upon the presumption that the declaration or family tradition comes from persons who have competent knowledge with respect to the subject matter of the declaration, and speak the truth with reference thereto. Since one point in favor of receiving hearsay evidence upon matters of family history is its reliability, one of the conditions upon which family tradition is received in evidence is that it emanate from a source within the family, and from persons having such a connection with the party to whom it relates that it is natural and likely that they cannot be mistaken and will speak the truth. In the event it appears that the evidence offered does not emanate from such source, the presumption of the reliability of the source of information is rebutted and the evidence becomes inadmissible."

Mr. Van Arsdall's information concerning the suicide of his brother did not emanate from a source within the family, nor from persons having such a connection with the deceased that it was natural or likely they could not be mistaken. That being true, the evidence proffered was not admissible under the family history exception to the hearsay rule. The evidence of Homer Coles concerning other cases of insanity in the family of testator would have been competent under the family history doctrine, had it been shown that the declaration

was made before the filing of the suit, without motive to misrepresent the facts, and were it not for the fact that the person who made the declaration was living at the time of the trial, and was available to testify in the case. 20 Am. Jur., Sec. 468, p. 411.

Edna Coles and her daughter, Grace Van Arsdall, had assumed the management of testatrix' estate several years before the latter's death. They were joint owners with the testatrix of one tract of land under their management. In support of appellants' contention that they had exercised undue influence and overreached the testatrix, appellants endeavored to elicit from Grace Van Arsdall certain information in respect to the distribution of the proceeds of the jointly owned farm. The Court rejected this evidence, as being irrelevant. This was error. If it can be shown that the testatrix did not receive her share of the proceeds of jointly owned property, such fact will corroborate the contention that the testatrix was overreached and unduly influenced in preferring Mrs. Coles and her daughter to the exclusion of other children and grandchildren in her will.

Complaint is made that the Court improperly excluded the following statement from the testimony of Homer W. Coles:

"She (testatrix) wasn't capable of attending to her business."

This answer was not in response to the question addressed to the witness, which was:

"You mean Miss Edna Coles and her two daughters, Grace and Lily Burr, were so harsh and cruel in their manner to your grandmother about her business that it, as you say, broke her from saying anything about it?"

The Court properly excluded the testimony objected to. The Court's action in sustaining an objection to further cross-examination of Mrs. Grace Van Arsdall on the question of the condition of the bank account of the testatrix was not prejudicial, because the condition of the account was shown by the cashier of the bank, and was uncontradicted.

The most fatal error of the Court, and the one most prejudicial to appellants' substantial rights, was in permitting to be introduced in evidence a will purportedly

301

signed by the testatrix in the year 1935, without proof of its authenticity. This will was executed three years prior to the time it is contended the testatrix became incapable of meeting the test of testamentary capacity. The will, if authentic, disposes of the testatrix' property substantially the same as the will contested herein. No one testified that the signature to the will was in the handwriting of the testatrix; nor did anyone testify to any other fact bearing upon the authenticity of the instrument introduced in evidence. Clearly, the Court erred in permitting this instrument to be introduced over the objection of appellants. This error alone would require the judgment to be reversed.

The attorney who presented the final argument for appellees was a witness in the case, and in his argument enlarged upon his own testimony. Upon the next trial, if he again should argue the case, we are sure that he will not, in his zeal, extend his remarks to matters dehors the record.

Since, upon the next trial, the evidence might not be the same, we reserve a decision upon the contention that appellants were entitled to a directed verdict at the conclusion of all the evidence.

For the reasons stated, the judgment is reversed, with directions that it be set aside, and that appellants be granted a new trial to be conducted not inconsistent with this opinion.